**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>            Plaintiff-Respondent,      )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>MICHAEL GAITHER,                      )<br>                                                              )<br>            Defendant-Movant.          ) | Case No. CR-01-181-M<br>              (CIV-08-226-M) |

**ORDER**

Defendant-Movant Michael Gaither ("Gaither"), a federal prisoner, filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a memorandum in support of his § 2255 motion on March 3, 2008.  On April 24, 2008, the government filed a response, and on May 12, 2008, Gaither filed his traverse to the government's response.  Based upon the parties' submissions, the Court makes its determination.

I.        Introduction

On October 2, 2001, Gaither and others were charged in a 71-count Indictment returned by a grand jury in the Western District of Oklahoma.  After a lengthy trial conducted in April and May 2002, a jury found Gaither and others guilty of numerous drug-related crimes in connection with a conspiracy to distribute phencyclidine ("PCP").  The Court made factual findings related to Gaither's sentence under a preponderance of the evidence standard, mandatorily applied the United States Sentencing Guidelines, and sentenced him to multiple concurrent terms of life imprisonment and lesser terms of imprisonment.

On direct appeal, Gaither and two co-defendants challenged their convictions and sentences. They raised numerous issues including the sufficiency of the evidence to achieve conviction, admissibility of fingerprint evidence, the calculation of the respective drug quantity applicable to

each defendant, and the application of sentencing enhancements for possession of a firearm, obstruction of justice and role in the offense. Defendants also argued that they should have received a reduction for acceptance of responsibility. Ultimately, Gaither's and the others' convictions were affirmed. *United States v. Ward*, 96 Fed. Appx. 615 (10th Cir. 2004) (unpublished).

Gaither and the others filed a Writ of Certiorari to the United States Supreme Court. Following its decision in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court vacated and remanded the matter back to the Tenth Circuit. The Tenth Circuit, in turn, remanded the matter to this Court for re-sentencing in accordance with *Booker*. On remand, the Court denied defendants' request for *de novo* sentencing hearings and declined to revisit its initial factual findings, which had been reviewed and affirmed by the Tenth Circuit. At his sentencing, the Court specifically considered the purposes of sentencing as set forth in 18 U.S.C. § 3553 and sentenced Gaither to a term of 540 months, to run concurrently with lesser sentences.

Gaither filed a timely appeal of the sentence and argued that he was entitled to a *de novo* determination upon his re-sentencing. Gaither also argued that the Court's use of its earlier calculation and imposition of enhancements violated his rights under the Sixth Amendment and Due Process Clause. The Tenth Circuit affirmed Gaither's and the co-defendants' convictions and sentences in all respects. *United States v. Davis*, 213 Fed. Appx. 725 (10th Cir. 2007) (unpublished). In affirming, the Tenth Circuit specifically found that Gaither and his co-defendants were not entitled to a *de novo* determination upon his re-sentencing. Gaither filed a Writ of Certiorari to the United States Supreme Court, and his petition was denied.

II.     Discussion

In his § 2255 motion, Gaither alleges: (1) he is entitled to *de novo* review upon his re-sentencing; and (2) structural defect within the trial proceeding based upon the government's knowing use of perjured testimony. The Court, however, disagrees.

"When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Ariz. v. Cal.*, 460 U.S. 605, 618 (1983). Further, "when a case is appealed and remanded, the decision of the appellate court established the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). "The law of the case doctrine is intended to prevent continued re-argument of issues already decided ...." *Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). The Tenth Circuit has recognized three exceptions to this doctrine: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000).

In this case, the Tenth Circuit reviewed Gaither's assertion that he was entitled to a *de novo* determination on re-sentencing during his direct appeal. Upon review, the Tenth Circuit held that "the district court's exercise of its discretion to utilize the facts found in the initial sentencing proceeding was particularly appropriate in this instance." *Davis*, 213 Fed. Appx. at 728. The Court, therefore, finds that Gaither is foreclosed from asserting the instant allegation because it was previously decided upon direct appeal. Furthermore, the Court finds the evidence is not substantially different at this stage of litigation, no change occurred in the controlling law since the Tenth Circuit's opinion, and the decision is not clearly erroneous and would not work a manifest

injustice. Accordingly, the Court denies Gaither's § 2255 motion as to this basis.

Gaither also asserts that the government's knowing use of perjured testimony violated both his Fifth and Sixth Amendment rights. However, post-conviction § 2255 motions are not available to review the legality of issues which should have been raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Riddick*, 104 F.3d 1239 (10th Cir. 1997). A defendant's failure to present an issue on direct appeal bars him from raising the issue in a § 2255 motion, "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 977 F.2d 1312, 1320 (10th Cir. 1993) (internal citation omitted). "[I]f the government raises the procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

Having reviewed the parties' submissions, the Court finds that Gaither is procedurally barred from asserting the instant claim. Gaither has been before the Tenth Circuit on two separate occasions, and at no time did he raise this issue. Furthermore, the Court finds Gaither has not made a sufficient showing excusing this procedural default based upon either cause and prejudice, or a miscarriage of justice. Because Gaither has not overcome this procedural bar, the Court dismisses the instant claim.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Gaither's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody concerning the need for a *de novo* determination upon re-sentencing and DISMISSES Gaither's Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody concerning the government's knowing use of perjured testimony.

**IT IS SO ORDERED this 11th day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE