# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-01-181-M |
| | ) | |
| MICHAEL GAITHER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, filed on November 17, 2014. On December 08, 2014, the government filed its response.

On October 2, 2001, the government filed a 71-Count Indictment. The Indictment charged defendant, among others, with conspiring to distribute and possess with intent to distribute PCP (Count 1), in violation of 21 U.S.C. § 846; seven counts of distributing PCP (Counts 2, 25, 31, 33, 39, 53, and 58), in violation of 21 U.S.C. § 841(a)(1); four counts of aiding and abetting the possession of PCP with the intent to distribute (Counts 3, 5, 29, and 49), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; eight counts of aiding and abetting transporting in aid of racketeering (Counts 14, 16, 19, 23, 26, 28, 34, and 67), in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2; six counts of possessing PCP with the intent to distribute (Counts 20, 24, 27, 45, 57, and 70), in violation of 21 U.S.C. § 841(a)(1); using a firearm in furtherance of a drug trafficking crime (Count 36), in violation of 18 U.S.C. § 924(c)(1)(A); eight counts of using a communications facility to facilitate the

distribution of PCP (Counts 41, 42, 48, 52, 55, 59, 61, and 64), in violation of 21 U.S.C. § 843(b); five counts of aiding and abetting the use of a communication facility to facilitate the distribution of PCP (Counts 43, 46, 56, 62, and 65), in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and two counts of attempting to possess PCP with the intent to distribute (Counts 63 and 66). After a lengthy jury trial, a jury found defendant guilty of the numerous drug-related crimes in the Indictment.

On May 1, 2003, the Court sentenced defendant to life. The Court sentenced defendant after adopting the PSR which established the drug quantity at issue as 44,709.03 kilograms ME and placed defendant's total offense level at 48 with a criminal history category of V. Defendant appealed this sentence to the Tenth Circuit. The Tenth Circuit affirmed. Defendant petitioned the Supreme Court for a writ of certiorari, and the Supreme Court vacated the judgment and remanded to the Tenth Circuit for further consideration. The Tenth Circuit vacated the sentence and remanded for re-sentencing. On October 26, 2005, the Court again adopted the PSR without any changes and varied downward, sentencing defendant to multiple concurrent terms of 540 months of imprisonment and lesser terms of imprisonment. The Tenth Circuit affirmed.

Defendant now moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 782.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has held that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3682(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Further, § 1B1.10(b) of the United States Sentencing Guidelines provides:

> (b) <u>Determination of Reduction in Term of Imprisonment</u>. –
> (1) <u>In General</u>. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and

3

> shall leave all other guideline application decisions unaffected.
> (2) <u>Limitation and Prohibition on Extent of Reduction</u>. –
>   (A) <u>Limitation</u>. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>   (B) <u>Exception for Substantial Assistance</u>. – If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>   (C) <u>Prohibition</u>. – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10(b).

Applying Amendment 782's revisions to the case at bar, defendant's new base offense level is 36. Applying the two-level enhancement for possessing a fire arm, the four-level enhancement for defendant's role in the underlying offense, the two-level enhancement for threatening a codefendant, and the two-level enhancement for putting an officer in substantial risk of bodily injury during flight, defendant's new offense level is 46. Applying defendant's

4

original criminal history category of V to his new total offense level of 46 yields a revised guideline range of life imprisonment. Because defendant's amended guideline range is the same as his current guideline range of life imprisonment, the Court finds defendant is not eligible for a sentence reduction. Further, because defendant's current below guideline sentence is not a result of defendant's substantial assistance to authorities, the Court finds that defendant is not eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Accordingly, the Court DENIES defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 2582(c)(2) and Amendment 782 to the United States Sentencing Guidelines [docket no. 1141]. The AO 247 Form denying defendant's motion is filed simultaneously herewith.

**IT IS SO ORDERED this 2nd day of November, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE